LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MAKENNA MALIA MEILIN HOO, Plaintiff-Appellee,

v.

ERIC HOO, individually, as Personal Representative
of the ESTATE OF HERBERT NAM HOO, and as successor
Trustee of the HERBERT NAM HOO TRUST; RANDALL HOO; et al.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0409)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Defendant-Appellant Eric Hoo (Appellant Eric Hoo) asserted from the Honorable Derrick H. M. Chan's August 18, 2009 judgment in favor of Plaintiff-Appellee Makenna Malia Meilin Hoo (Appellee Makenna Hoo), because the August 18, 2009 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document."

Based on this requirement, the supreme court has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and <u>the [HRCP Rule] 54(b) certification language must be contained therein</u>." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added). Furthermore,

> if a judgment purports to be the final judgment in a case involving <u>multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

Although Appellee Makenna Hoo's complaint asserted five separate counts, the August 18, 2009 judgment merely enters judgment in favor of Appellee Makenna Hoo and against Appellant

Eric Hoo without specifically identifying the count or counts on which the circuit court is entering judgment. Furthermore, the August 18, 2009 judgment does <u>not</u> resolve Appellee Makenna Hoo's complaint as to Defendant-Appellee Randall Hoo, and the August 18, 2009 does <u>not</u> contain the finding necessary for HRCP Rule 54(b) certification. Instead, the August 18, 2009 judgment merely contains a statement that it finally disposes of all claims as to all parties. The supreme court has explained that,

> [a] statement that declares <u>"there are no other outstanding claims" is not a judgment</u>. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or <u>"all other claims, counterclaims, and cross-claims are dismissed</u>."

<u>Jenkins</u>, 76 Hawai'i at  at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Consequently, the August 18, 2009 judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58  and the holding in <u>Jenkins</u>. Absent an appealable final judgment, this appeal is premature and we lack jurisdiction.

Accordingly, IT IS HEREBY ORDERED AND DECREED that Appeal No. 30031 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i,  January 7, 2010.

Chief Judge

Associate Judge

Associate Judge

-3-